# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD HALL, | : | CIVIL NO. 1:CV-09-1907 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| SGT. RHODES, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Ronald Hall ("Hall"), currently an inmate at the State Correctional Institution at Houtzdale, ("SCI-Houtzdale"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as defendants are Sergeant Rahodes, Officer Stegal and Officer Urcheck, all Department of Corrections employees at the State Correctional Institution at Albion ("SCI-Albion"), Pennsylvania. Hall proceeds in forma pauperis in this matter.[1] For the reasons that follow, the case will be transferred to the United States District Court for the Western District of Pennsylvania.

## I.    Background

In the complaint, Plaintiff states that on October 3, 2007, following knee surgery, he was placed under orders from the surgeon to place minimum weight on his leg by using two (2) crutches for four (4) weeks. Because no crutches were available, he was given a wheelchair to use. On the same date, while waiting to be transferred from SCI-Albion to SCI-Houtzdale, Plaintiff alleges that Defendants Rahodes and Stegal, SCI-Albion transport officers, forced him

---

[1] Hall completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on October 27, 2009 (Doc. No. 7), directing the warden at SCI-Houtzdale to commence deducting the full filing fee from the prison trust fund account of Hall.

out of his wheelchair, shackled his legs and hands, and ordered him to walk up the stairs into the bus, despite Plaintiff's complaints of pain. After being forced to walk and climb the steps into the bus, Plaintiff alleges that Defendant Urcheck threw a walking cane at him, striking him in the chest. Plaintiff states that because of Defendants' actions, he later had to be helped from the bus when he arrived at SCI-Houtzdale. He was placed in the infirmary for two (2) months and provided with pain medication for his swollen knee. Plaintiff alleges that although Defendants had the option of sending him to SCI-Houtzdale in a wheelchair accessible transport van, they refused to do so. Plaintiff seeks monetary damages against each Defendant due to their deliberate indifference to his medical condition.

## II. Discussion

Venue for actions brought under § 1983 is governed by 28 U.S.C. § 1391(b). Section 1391(b) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. In the instant action, all of the Defendants are SCI-Albion employees, and are therefore located within the Western District of Pennsylvania. Further, the allegations set forth against the Defendants are with respect to conduct which took place at SCI-Albion. Plaintiff is not raising claims against any defendant located within the Middle District of Pennsylvania, or with respect to any activity which took place within the Middle District of Pennsylvania. As such, the proper venue for this action is the Western District of Pennsylvania. 28 U.S.C. § 1391(b).

2

When venue is improper, as in this case, a court may transfer the case to the district court "in which it could have been brought." 28 U.S.C. § 1406(a). In the interest of justice, this case will be transferred to the United States District Court for the Western District of Pennsylvania. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD HALL, | : | CIVIL NO. 1:CV-09-1907 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| SGT. RHODES, et al., | : | |
| Defendants | : | |

# ORDER

**AND NOW**, this 20th day of November, 2009, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Pennsylvania.

2. The Clerk of Court is directed to **close this case**.


S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania