**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD HALL,** | : | **CIVIL NO. 1:CV-09-1907** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **SGT. RHOADES[1], et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Ronald Hall ("Hall") filed this civil rights action pursuant to 42 U.S.C. § 1983.  Named

as Defendants are Sergeant Rhoades, Officer Stagl, and Officer Yurcak, all employees at the

State Correctional Institution at Albion ("SCI-Albion"), Pennsylvania.   In the complaint, Hall

alleges that Defendants violated the Eighth Amendment when they subjected him to cruel and

unusual punishment on October 3, 2007, during his transport from the State Correctional

Institution at Somerset to SCI-Smithfield en route back to SCI-Houtzdale, his current place of

confinement.  Presently pending is Defendants' partial motion to dismiss the complaint.  (Doc.

No. 28.)  For the reasons that follow, the motion will be granted.

I.      **Background**

Hall alleges that on October 3, 2007, following knee surgery, he was placed under orders

from the surgeon to place minimum weight on his leg by using two (2) crutches for four (4)

weeks.  Because no crutches were available, Hall was given a wheelchair to use.  On the same

date, while waiting to be transferred to SCI-Houtzdale,  Plaintiff alleges that Defendants

_____

[1]  The correct spelling of this Defendant's name is Rhoades, not "Rahodes" as Plaintiff
spells it in the complaint.  The correct spellings for the other named Defendants are Joseph Stagl
and Michael Yurcak.  The Clerk of Court will be directed to make the appropriate corrections to
the docket.

Rhoades and Stagl, SCI-Albion transport officers, forced him out of his wheelchair, shackled his legs and hands, and ordered him to walk up the stairs into the bus, despite Plaintiff's complaints of pain.  After being forced to walk and climb the steps into the bus, Plaintiff alleges that Defendant Yurcak came to the back of the bus and threw a walking cane at him, striking him in the chest.  Because he was handcuffed and shackled, he said he was unable to dodge or catch the cane.           Plaintiff states that following Defendants' actions, his knee swelled, and he suffered pain.  Upon arrival at SCI-Houtzdale, he had to be helped from the bus and was placed in the infirmary for two (2) months.  He was also provided with pain medication.  According to Plaintiff, Defendants had the option of transporting him to SCI-Houtzdale in a wheelchair-accessible transport van, but, when he suggested it, he was ignored.  As such, Plaintiff claims that Defendants Rhoades and Stagl were deliberately indifferent to his medical condition when they "denied and delayed and interfered with the Doctor's prescribed [medical] treatment." (Doc. No. 1, Compl. at 3.)   He seeks monetary damages against all three (3) Defendants.

## II.     Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires the dismissal of complaints that fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing

in the record of the case." <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); <u>see also</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the ... claim is and the grounds upon which it rests." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. <u>See</u> Fed. R. Civ. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation"); <u>Twombly</u>, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." <u>Phillips</u>, 515 F.3d at 234 (quoting <u>Twombly</u>, 550 U.S. at 556).

Courts are cautioned that because of this liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000). The Federal Rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." <u>Foman v.</u>

<u>Davis</u>, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  However, leave to amend under Rule 15 is not required in cases of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment.  <u>See id.</u> at 182.

## III.   Discussion

### A.   Claims against Defendants in their Official Capacity

Defendants first contend that any claims for monetary damages against them in their official capacities are precluded from consideration by the Eleventh Amendment.  The Eleventh Amendment bars all suits against a state and its agencies in federal court that seek monetary damages.  <u>Walker v. Beard</u>, 244 F. App'x 439, 440 (3d Cir. 2007); <u>see also</u> <u>A.W. v. Jersey City Pub. Schs.</u>, 341 F.3d 234, 238 (3d Cir. 2003).  Likewise, suits brought against state officials acting in their official capacities are to be treated as suits against the employing government agency.  <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 70-71 (1989); <u>Garden State Elec. Inspection Serv. v. Levin</u>, 144 F. App'x 247, 251 (3d Cir. 2005).  As such, Hall's damage claims brought against Defendants in their official capacities are considered to be against the State itself and are barred by the Eleventh Amendment.

### B.   Claim against Defendant Yurcak

The only claim Hall appears to allege against Defendant Yurcak is an Eighth Amendment excessive force claim.   He contends that Yurcak threw a cane at him after he was seated on the bus and handcuffed and shackled.  Although Hall states that the cane struck him in the chest, he does not allege to have sustained any injury.

In order to constitute cruel and unusual punishment, a correctional officer's use of force must involve the "unnecessary and wanton infliction of pain."  <u>Whitley v. Albers</u>, 475 U.S. 312,

319 (1986).  "It is obduracy and wantonness, not inadvertence or error in good faith, that

characterize[s] that conduct prohibited by the Cruel and Unusual Punishment clause, whether the

conduct occurs in connection with establishing conditions of confinement, supplying medical

needs, or restoring official control over a tumultuous cellblock."  Id.  In a later ruling, the U.S.

Supreme Court recognized that the use of force may constitute cruel and unusual punishment

even if the prisoner does not sustain "significant" injuries.  Hudson v. McMillian, 503 U.S. 1, 9

(1992).  The core judicial inquiry is "whether force was applied in a good faith effort to maintain

or restore discipline or maliciously and sadistically to cause harm."  Fuentes v. Wagner, 206

F.3d 335, 345 (3d Cir), cert. denied, 531 U.S. 821 (2000); see also Brooks v. Kyler, 204 F.3d

102, 106 (3d Cir. 2000) (even a de minimis use of force, if repugnant to the conscience of

mankind, may be constitutionally significant).  As explained in Fuentes:

> Resolution of an Eighth Amendment claim therefore mandates an
> inquiry into a prison official's state of mind.  Two considerations
> define that inquiry.  We must first determine if the deprivation was
> sufficiently serious to fall within the Eighth Amendment's zone of
> protections.  If not, our inquiry is at an end.  However, if the
> deprivation is sufficiently serious, we must determine if the
> officials acted with a sufficiently culpable state of mind.  In other
> words, we must determine if they were motivated by a desire to
> inflict unnecessary and wanton pain.  What is necessary to
> establish an unnecessary and wanton infliction of pain ... varies
> according to the nature of the alleged constitutional violation.

206 F.3d at 344 (internal brackets, citations, and quotation marks omitted).

Defendants move to dismiss the claim against Yurcak on the basis that Hall sustained no

injury because of Yurcak's conduct.   An excessive force claim, however, is not to be decided

entirely on whether an inmate's injuries were de minimis, but, rather, the nature of the force

applied must be considered.  See Hudson, 503 U.S. at 8-9.  This is not to say that the absence of

5

serious injury is irrelevant to an Eighth Amendment inquiry.  The Eighth Amendment's

prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition

de minimis uses of physical force provided that the use of force is not of a sort repugnant to the

conscience of mankind.   See Wilkins v. Gaddy, 130 S. Ct. 1175, 1177-78 (2010);  Hudson, 503

U.S. at 4, 9.

Accepting the allegations set forth in Hall's complaint as true, the Court finds that he

fails to set forth a viable Eighth Amendment claim against Defendant Yurcak.  While Yurcak's

actions may clearly be viewed as unnecessary and inappropriate, there are no facts demonstrating

that he threw the cane maliciously and sadistically with the intent to cause harm.  Yurcak's

actions, no matter how improper, do not display the force of a sort repugnant to the conscience of

mankind.  In addition to the consideration of the force used, there are no allegations by Hall that

he suffered any injury as a result of Yurcak's actions.  For these reasons, the claim set forth

against Yurcak shall be dismissed.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **RONALD HALL,** | : | **CIVIL NO. 1:CV-09-1907** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **SGT. RAHODES, et al.,** | : | |
| **Defendants** | : | |


## <u>ORDER</u>

**AND NOW**, this 13th   day of September, 2011, for the reasons set forth in the

accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1.      The Clerk of Court is directed to make the appropriate corrections to the docket
with respect to the spellings of the Defendants' names.

2.      Defendants' partial motion to dismiss the complaint (Doc. No. 28) is
**granted**.  All claims for monetary damages set forth against Defendants in
their official capacities are dismissed.  In addition, the claim set forth
against Defendant Yurcak is dismissed, and he is dismissed from this
action.

3.      Within twenty (20) days from the date of this order, Defendants shall file an
answer to the claims remaining in this action.


S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania