IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD HALL, | : | CIVIL NO. 1:CV-09-1907 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| SGT. RHOADES, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

I.   **Background**

This civil rights action pursuant to 42 U.S.C. § 1983 was filed by Ronald Hall ("Hall"), an inmate currently confined at the State Correctional Institution at Houtzdale, ("SCI-Houtzdale"), Pennsylvania.  In his complaint, Hall alleges that several employees of the Pennsylvania Department of Corrections violated his Eighth Amendment rights during the course of his transport from one prison to another in October of 2007.  Defendants Sergeant Rhoades and Officer Stagl remain in this action.  A third defendant, Officer Urcheck, has been dismissed. (Doc. No. 33.)  The parties are presently engaging in discovery.  Pending is Hall's second motion for the appointment of counsel (Doc. No. 38), and Defendants' motion to take Hall's deposition (Doc. No. 39).

II.   **Discussion**

Hall has filed his second request seeking the appointment of counsel in this action.  On September 29, 2010, his first motion for counsel was denied. (Doc. No. 33.)  In the pending motion, he asserts the same arguments in support of counsel as he did in his earlier motion.  He claims that he is unable to afford an attorney and is limited by his imprisonment with respect to his ability to litigate this action. (Doc. No. 38.)  He also maintains that the issues involved in

this case are complex, his law library access is limited and that an attorney is better qualified to handle the trial that will take place in this case.  (Id.)

The Court previously set forth the standard utilized in determining whether the appointment of counsel is warranted in a civil case in the Memorandum and Order issued on September 29, 2010.  (Doc. No. 24 at 3-4.)  As such, it will not be set forth again herein.  Hall comes forth with no additional arguments demonstrating that any special circumstances or factors have occurred that would now make the appointment of counsel necessary in this action.  Thus far, the pleadings submitted by Hall are comprehensible and cite to pertinent legal authority.  The legal issues involved are not complicated.  Although Hall may not receive unlimited hours in the prison law library, he admits that he does have access thereto, and is able to obtain legal research material.  Any concern with respect to preparation for a trial in this matter is premature at this time.  It cannot be said that, at least at this point, Hall is unable to litigate this action on his own, or that he will suffer substantial prejudice if he is required to do so.  For these reasons, his second request for the appointment of counsel will be denied without prejudice.

In addition, Defendants' motion to conduct the deposition of Hall will be granted.  They will be permitted to do so at a time and place subject to the approval of the warden or other appropriate official at Hall's present place of incarceration.  An appropriate order follows.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD HALL,** | : | CIVIL NO. 1:CV-09-1907 |
| **Plaintiff,** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **SGT. RHOADES, et al.,** | : | |
| **Defendants** | : | |

### ORDER

**AND NOW**, this 29th day of March, 2012, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's second motion for the appointment of counsel (Doc. No. 38) is **denied without prejudice**.

2. Defendants' motion for leave to depose Plaintiff (Doc. No. 39) is **granted**. Defendants may take Plaintiff's deposition at a time and place subject to the approval of the warden or other appropriate official at SCI-Houtzdale.


 S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania