# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD HALL, | : | CIVIL NO. 1:CV-09-1907 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| SGT. RHOADES, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Ronald Hall ("Hall") filed this civil rights action pursuant to 42 U.S.C. § 1983. Two Defendants remain in this action, Sergeant Rhoades and Officer Stagl, Pennsylvania Department of Corrections employees involved in Hall's transport on October 3, 2007 from the State Correctional Institution at Smithfield to the State Correctional Institution at Houtzdale. Presently pending before the Court is Hall's motion to compel discovery. (Doc. No. 46.) For the reasons that follow, the motion will be granted in part and denied in part.

I.   **Relevant Background**

Hall alleges that on October 3, 2007, following knee surgery, he was placed under orders from the surgeon to place minimum weight on his leg by using two (2) crutches for four (4) weeks. Because no crutches were available, Hall was given a wheelchair to use. On the same date, while waiting to be transferred from SCI-Smithfield to SCI-Houtzdale, Hall claims that Defendants Rhoades and Stagl forced him out of his wheelchair, shackled his legs and hands, and directed him to walk up the stairs into the bus. When Hall complained of pain he was told to "stop crying like a baby." (Doc. No. 1, Compl. at 3.) When Hall arrived at SCI-Houtzdale, he states his knee was swollen due to Defendants' actions, and that he had to be helped from the bus. He states that he was placed in the infirmary for two (2) months and provided with pain

medication.  According to Plaintiff, Defendants had the option of transporting him to SCI-Houtzdale in a wheelchair accessible transport van, but when Hall made this suggestion to Defendants he was ignored.  Based on the foregoing, Hall claims that Defendants Rhoades and Stagl were deliberately indifferent to his medical condition when they "denied and delayed and interfered with the Doctor's prescribed treatment for medical."  (Id. at 3.)

Defendants filed an answer to the complaint on October 3, 2011.  (Doc. No. 34.)  A scheduling order was issued on October 4, 2011, directing that all discovery in this matter be completed within six (6) months, and any dispositive motions filed within thirty (30) days thereafter. (Doc. No. 35.)  Defendants were granted leave to depose Hall during the discovery period. (Doc. No. 41.)  On May 3, 2012, Defendants filed a motion for summary judgment and the documents in support thereof.  (Doc. Nos. 42-45.)

Hall did not file any opposition to the summary judgment motion.  Rather, on May 18, 2012, he filed a motion to compel discovery.  (Doc. No. 46.)  In reviewing the motion, he claims that Defendants failed to provide him with documents requested pursuant to Fed. R. Civ. P. 34.  While Hall did not file a separate brief in support of his motion, the Court issued an order directing Defendants to respond to Hall's motion.  (Doc. No. 48.)  An opposition brief has been submitted, and the Court will now address the motion.

**II.    Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines both the scope and limitations governing the use of discovery in a federal civil action:

> (1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature,

2

> custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).

Fed. R. Civ. P. 37 addresses the matter of failure to make disclosures or to cooperate in discovery and the possibility of sanctions. Specifically, if a party served with discovery fails to respond adequately, the serving party may file a motion to compel under Rule 37(a). Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This discretion is guided, however, by certain basic principles. One crucial component of the court's discretion is that the court must set schedules for the completion of discovery. When a party fails to abide by those schedules the court has the right, and the duty, to impose sanctions for that failure. Those sanctions may, in the discretion of the court, include declining a party's request to compel compliance with untimely and improper discovery demands. As such, where a party has submitted an untimely request, the court can, and in the exercise of its discretion often should, refuse to compel compliance with that request. See, e.g., Maslanka v. Johnson & Johnson, 305 F. App'x 848 (3d Cir. 2008)(affirming denial of pro se litigant motion to compel where discovery demands were untimely); Oriakhi v. United States, 165 F. App'x 991 (3d Cir. 2006)(same); Bull v. United States, 143 F. App'x 468 (3d Cir. 2005) (same). These benchmark

standards will now be applied to Hall's pending motion to compel discovery.

**III.    Discussion**

Hall states that he served a discovery request upon Defendants to produce documents and that they failed to produce documents in response to ten (10) of his requests. (Doc. No. 46.) In his motion, he sets forth the following challenged requests (including all grammatical errors):

1. All documents that contain, mention or refer to policies on health care and conditions in Pennsylvania prison

2. All documents that contain, mention or refer to policies on prison officials guards with out medical training on providing medical care

3. All documents that contain, mention construe policies on transport wheelchair vans

4. All the complete contents of plaintiff incident reports medical and health records

5. All records that contain mention or construe to plaintiff complaint filed at the department of corrections that relate to all defendants

6. All medical documents pertaining to plaintiff surgery that occurred at Somerset Hospital in October of 2007

7. All written reports orders statements that contain mention construe or refer to medical orders for the plaintiff and the department of corrections to follow from the surgeon Dr. Kates sent from Somerset Hospital during the month of October 2007

8. All rules and requirements for S.C.I. Houtzdale usage of wheelchair vans

9. All reports and documents on the complaint by plaintiff that was filed with the D.O.C. office of professional responsibility

10. All documents that contain mention construe or refer to policies on staff supervision of inmates in the department of corrections

(Doc. No. 46 at 1.)

In responding to the motion to compel, Defendants state that they responded to Hall's

written discovery requests on April 20, 2012 and April 23, 2012. Attached to their opposition brief are copies of Hall's discovery requests and Defendants' responses thereto. (Doc. No. 49, Exs. A-C.) In reviewing Defendants' responses to the challenged requests for production of documents, the Court must agree with Defendants' objections to the bulk of the requests on the basis that the documents requested are overbroad in scope and mostly irrelevant. Specifically, the Court finds that the document requests identified by Hall in his motion to compel numbered 1, 2, 4, 5 and 10 are overbroad and irrelevant, and Defendants will not be directed to supplement their response to said requests. The Court further finds that Defendants have adequately responded to request #9 in that they did provide to Hall all reports and documents related to this complaint that were filed with the DOC Office of Professional Responsibility.

The remaining requests (#3, #6, #7 and #8) pertain to Hall's medical records and to DOC policies existing that address the use of transport wheelchair vans. These requests certainly seek information relevant to the issues remaining in this action. Defendants objected to these requests, but state they did provide Plaintiff with medical records. However, in reviewing the medical records provided, all that is included is a copy of the Medical Incident/Injury Report prepared following Hall's transport from SCI-Smithfield, and several photographs taken of his knee. The medical documents sought by Hall concerning any post-surgical orders from the doctor are clearly relevant to his claims. Also relevant are any DOC policies in effect at the time of the incident addressing the issue of the use of wheelchair vans for the purpose of transporting inmates. As such, Hall's motion to compel will only be granted with respect to said requests. Defendants will be directed to provide to Hall within twenty (20) days, any medical records contained in Hall's prison medical file concerning post-surgical orders and care, as well

as a copy of any DOC policy in existence at the time of the incident addressing the matter of wheelchair van transport of inmates. Dispositive motions may be filed within thirty (30) days thereafter. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD HALL, | : | CIVIL NO. 1:CV-09-1907 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| SGT. RHOADES, et al., | : | |
| Defendants | : | |

# ORDER

**AND NOW**, this 1st day of October, 2013, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's motion to compel (Doc. No. 46) is **granted in part and denied in part**. The motion is **granted only with respect to** Hall's requests for any medical records contained in his prison medical file concerning post-surgical orders and care, as well as a copy of any DOC policy in existence at the time of the incident addressing the matter of wheelchair van transport of inmates. Defendants shall provide any such documents within twenty (20) days from the date of this order. The motion is **denied in all other respects**.

2. Dispositive motions may be filed within thirty (30) days thereafter.

S/ Yvette Kane
YVETTE KANE
United States District Judge